STEVEN T. GUBNER – NV Bar No. 4624
SUSAN K. SEFLIN – CA Bar No. 213865 – Admitted *Pro Hac Vice*
JESSICA S. WELLINGTON – CA Bar No. 324477 – Admitted *Pro Hac Vice*
BG LAW LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
Telephone:  (702) 835-0800
Facsimile:   (866) 995-0215
Email:        sgubner@bg.law
                sseflin@bg.law
                jwellington@bg.law

Attorneys for Chapter 11 Debtor in Possession
and Plan Proponent

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Front Sight Management LLC,<br><br>Debtor. | Case No.  22-11824-abl<br><br>Chapter 11<br><br>**Confirmation Hearing:**  November 18, 2022<br>**Hearing Time:** 9:30 a.m. |

### SUPPLEMENT TO SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

Front Sight Management LLC, the chapter 11 debtor in possession and plan proponent herein (the "Debtor"), respectfully submits this supplement (the "Plan Supplement") to its *Second Amended Chapter 11 Plan of Reorganization* [ECF No. 405] (the "Plan").  Pursuant to the *Order Approving (I) Adequacy of Debtor's Second Amended Disclosure Statement (as may be Further Amended or Modified); (II) Approving Solicitation Procedures, Manner of Notice and Vote Tabulation Procedures; (III) Establishing Voting Record Date and Deadline for Receipt of Ballots; and (IV Fixing Date, Time and Place for Confirmation Hearing and (V) Setting Deadline to File Objections to Confirmation* [ECF No. 403] (the "Disclosure Statement Order"), the Debtor is to file any supplement to the Plan by October 21, 2022.  Any capitalized term not defined herein shall have the same meaning as set forth in the Plan or in the Debtor's *Second Amended Disclosure Statement*

*Describing Debtor's Second Amended Chapter 11 Plan of Reorganization* [ECF No. 406] (as may be further amended or modified, the "Disclosure Statement").

As set forth in the Disclosure Statement, the Debtor intended on including in this Plan Supplement a copy of the Consulting Agreement between Dr. Piazza and the Reorganized Debtor. However, the Consulting Agreement has yet to be finalized and the Debtor did not receive authorization from counsel for Dr. Piazza or counsel for the New Equity Investor to file the current version of the Consulting Agreement. Accordingly, attached hereto as **Exhibit 1** is a copy of the term sheet entered into between Dr. Piazza and the New Equity Investor (on behalf of the Reorganized Debtor).

As further set forth in the Disclosure Statement, the Debtor also intended on including in this Plan Supplement certain documents and agreements including but not limited to, an amended and restated operating agreement of the Reorganized Debtor, officer and director resolutions, an operational budget, and such other agreements as may be reasonably necessary to effectuate the transactions contemplated by the Plan. However, the New Equity Investor has not provided the aforementioned documents to the Debtor at this point in time and the Debtor's current management will not be in control of the Reorganized Debtor. The Debtor also does not believe that most, if not all, of the aforementioned documents are relevant to Plan confirmation.

The Debtor is intending to include in its proposed Plan confirmation order (a draft of which will be filed on or before November 11, 2022) the following language: "Pursuant to Internal Revenue Code §1377(a)(2), the Debtor shall "close its books" on the Effective Date of the Plan. The Debtor shall include the §1377(a)(2) election on its 2022 timely filed S-Corporation federal income tax return."

DATED:  October 21, 2022                    BG Law LLP

                                            By: /s/ Susan K. Seflin
                                                Susan K. Seflin
                                                Jessica S. Wellington
                                            Attorneys for Chapter 11 Debtor and
                                            Plan Proponent

# EXHIBIT 1

CONFIDENTIAL—SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE
THIS TERM SHEET IS FOR DISCUSSION PURPOSES ONLY, CLIENT HAS NOT YET REVIEWED

# TERM SHEET REGARDING CONSULTING OR EMPLOYMENT AGREEMENT BETWEEN IGNATIUS PIAZZA AND NEVADA PF, LLC

### September 1, 2022

This term sheet (the "**Term Sheet**") generally describes the principal terms of a consulting and/or employment agreement to be entered into between Ignatius Piazza ("**Dr. Piazza**") and Nevada PF, LLC ("**PrairieFire**") and/or Reorganized Front Sight in connection with a proposed joint plan of reorganization (the "**Plan**") in chapter 11 Case No. 22-11824-abl (the "**Chapter 11 Case**").

| | |
|---|---|
| **Term of Consulting and/or Employment Agreement** | The consulting and/or employment agreement shall commence upon the effective date of the Plan (the "**Effective Date**"), which Effective Date shall occur no later than December 1, 2022, and continue for a period of not less than ten (10) years. This Term Sheet shall be binding and enforceable as a final and complete agreement to the same extent as the Debtor's Term Sheet signed of even date herewith and the performance obligations will commence on the Effective Date of the Plan. |
| **Services to Be Provided for Continued Operations of Reorganized Front Sight:** | Dr. Piazza shall provide the following services, at PrairieFire's sole request and discretion: marketing and marketing assistance, recruitment, membership services, operations management, course advertisement and training, speaking engagements, strategic consulting, and any other service desired by PrairieFire during the term of the agreement to permit Reorganized Front Sight to receive the benefit of Dr. Piazza's knowledge, insight, relationships, and goodwill (the "**Services**"). |
| **Compensation for Services to Be Provided for Continued Operations of Reorganized Front Sight:** | As compensation for the Services, Dr. Piazza shall receive: (1) annual compensation in the amount of $700,000 (the "**Base Compensation**") <br><br> The Base Compensation and Contingent Payout are not subject to cancellation, termination or offset for 10 years from the Confirmation Date. |
| **Front Sight Member Benefits:** | Memberships shall be rejected under the Plan. Notwithstanding such rejection, PrairieFire shall extend benefits to existing members of Front Sight (whose identity will be placed on a confidential schedule) (the "**Existing Members**"), who number approximately 250,000, in a manner to be discussed. |
| **Litigation Services to Be Provided regarding** | Dr. Piazza shall have delegated management responsibility to pursue the LVDF Claim and Meacher Claim (as those terms are defined in the *Term Sheet Regarding Joint Plan of Reorganization Between* |

4

CONFIDENTIAL—SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE

| | |
|---|---|
| **LVDF Claims and Meacher Claims:** | *Debtor and PrairieFire* (the "**Plan Term Sheet**")) on behalf of Reorganized Front Sight. Dr. Piazza shall have litigation decision control to: (1) retain counsel; (2) litigate the claims/objections to completion, including appeal, and/or (3) settle the claims. |
| **Compensation for Services to Be Provided Regarding LVDF Claims and Meacher Claims:** | LVDF has asserted a claim in the amount of $[$11,655,701.01] (the "**LVDF Asserted Claim**"). Meacher has asserted a claim in amount of $[3,300,000] (the "**Meacher Asserted Claim**"). In addition to the Base Compensation and Contingent Payout set forth above, as compensation for litigation management, Piazza shall receive a payment from PrairieFire equal to: (1) 75% of the difference between the LVDF Asserted Claim and LVDF Allowed Claim after deduction for attorney's fees incurred by PrairieFire in connection with prosecution of the LVDF Claims; and (2) 75% of the difference between the Meacher Asserted Claim and Meacher Allowed Claim after deduction for attorney's fees incurred by PrairieFire. PrairieFire shall provide no more than $1,000,000 to fund litigation costs (which litigation funding shall have an interest rate of 6%) in connection the claims objections/claim prosecution identified above, provided that such amounts (up to the actual fees spent) will be repaid first out of any recoveries, and which terms shall be set forth in a litigation funding agreement. Dr. Piazza shall be responsible for funding any litigation costs over $1,000,000, and any amount Dr. Piazza funds will be second priority in the litigation recovery waterfall. |
| **Release of Claims** | As additional consideration for the services to be provided under the consulting and/or employment agreement, PrairieFire shall enter into broad releases of any and all Chapter 5 claims against the Pizza Parties, including, but not limited to, claims for preference payments, fraudulent transfers, and turnover of property of the Debtor's estate. For the further avoidance of doubt, the parties acknowledge that Dr. Piazza is the owner of certain [insert description of machine guns] which were NOT identified on Debtor's schedule of assets, but are used by Debtor on loan from Dr. Piazza [TBD]. For the further avoidance of doubt, PrairieFire shall not support any plan of reorganization that does not contain such releases. |
| **No Agency Relationship** | Consulting agreement to contain provisions that Dr. Piazza does not represent, and is not an agent of, PrairieFire. |
| **Dr. Piazza Communications** | PrairieFire will approve all communications to Existing Members and the consulting agreement will contain strict provisions for financial penalties and possible termination for failure to abide by this provision, as well as any actions defamatory of PrairieFire. |

2

5

CONFIDENTIAL—SUBJECT TO RULE 408 OF THE FEDERAL RULES OF EVIDENCE

| | |
|---|---|
| **Behavior Clause** | Consulting agreement to contain typical bad action provisions that provide for the termination of the agreement for certain bad acts of Dr. Piazza. |
| **Arbitration Clause** | Consulting agreement to contain a provision that all disputes must be resolved by binding arbitration, with the prevailing party being entitled to its reasonable attorneys' fees and costs from the non-prevailing party. |
| **Accounting** | Consulting agreement to contain provision that Dr. Piazza shall have no right to the books and records of PrairieFire. PrairieFire's accountant will provide reconciliation reports to Dr. Piazza regarding his commissions on an agreeable schedule. |

Dated: September 1, 2022

By: _/s/ Ignatius Piazza_
Ignatius Piazza

Dated: September 1, 2022

Nevada PF, LLC

By: _/s/ Wim W. Wiso_

Its: CEO

3

6

# CERTIFICATE OF SERVICE

I declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Los Angeles and my business address is 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.

On **October 21, 2022**, I served the following document:

**SUPPLEMENT TO SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

**BY ELECTRONIC MAIL**

Those designated "[NEF]" on the Court docket were served with the Notice by the Court via Electronic Mail, as follows:

- **JASON BLUMBERG**    Jason.blumberg@usdoj.gov
- **CANDACE C CARLYON**    ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com
- **CHAPTER 11 - LV**    USTPRegion17.lv.ecf@usdoj.gov
- **DAWN M. CICA**    dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com
- **WILLIAM C DEVINE**    william@devine.legal, courtney@devine.legal;devinewr72773@notify.bestcase.com
- **THOMAS H. FELL**    tfell@fennemorelaw.com, clandis@fennemorelaw.com;CourtFilings@fennemorelaw.com
- **PHILIP S. GERSON**    Philip@gersonnvlaw.com
- **STEVEN T GUBNER**    sgubner@bg.law, ecf@bg.law
- **RAMIR M. HERNANDEZ**    rhernandez@wrightlegal.net, jcraig@wrightlegal.net;nvbkfiling@wrightlegal.net
- **MICHAEL R. HOGUE**    hoguem@gtlaw.com, LVLitDock@GTLAW.com;bundickj@gtlaw.com;hicksja@gtlaw.com;ferrariom@gtlaw.com;flintza@gtlaw.com;navarrom@gtlaw.com;rosehilla@gtlaw.com
- **JASON B KOMORSKY**    jkomorsky@bg.law
- **BART K. LARSEN**    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **NICOLE E. LOVELOCK**    nlovelock@joneslovelock.com, ljanuskevicius@joneslovelock.com
- **EDWARD M. MCDONALD**    edward.m.mcdonald@usdoj.gov
- **TRACY M. O'STEEN**    tosteen@carlyoncica.com, crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com
- **TERESA M. PILATOWICZ**    tpilatowicz@gtg.legal, bknotices@gtg.legal
- **SAMUEL A. SCHWARTZ**    saschwartz@nvfirm.com, ecf@nvfirm.com;schwartzsr45599@notify.bestcase.com;eanderson@nvfirm.com;samid@nvfirm.com
- **SUSAN K. SEFLIN**    sseflin@bg.law
- **BRIAN D. SHAPIRO**    brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;6855036420@filings.docketbird.com
- **STRETTO**    ecf@cases-cr.stretto-services.com, aw01@ecfcbis.com,pacerpleadings@stretto.com
- **U.S. TRUSTEE - LV - 11**    USTPRegion17.lv.ecf@usdoj.gov
- **JESSICA S. WELLINGTON**    jwellington@bg.law

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed October 21, 2022, at Woodland Hills, California.

/s/ Jessica Studley
JESSICA STUDLEY